UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERETHA MILLER, LUETRICIA
FREEMAN BECKER, RALPH HENRY,
NOEMY RODRIGUEZ and TAMBITHA
BANKS, individually, and on behalf of a
class of persons similarly situated,

      Plaintiffs,

v.                                                  Case No:  2:18-cv-195-FtM-38UAM

THE CITY OF FORT MYERS,
RANDALL P. HENDERSON, JR. and
SAEED KAZEMI,

      Defendants.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend Certain Deadlines in the Amended Case Management and Scheduling Order filed on February 26, 2019. Doc. 54. The parties request to extend the deadline to move for class certification and the deadlines to disclose expert reports until after the Court rules on Defendants' motion to dismiss (Doc. 50). *Id.* at 1. For the reasons stated below, the motion is granted in part.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have

broad discretion when managing their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Under Middle District of Florida Local Rule 4.04, a plaintiff in a class action must move for class certification under Rule 23(c)(1) of the Federal Rules of Civil Procedure within 90 days after the filing of the initial complaint. M.D. Fla. R. 4.04(b). A district court has discretion to prescribe a different deadline for filing a motion for class certification, however. *See Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.38 (11th Cir. 2003).

Here, the Amended Case Management and Scheduling Order ("CMSO") set the deadline for Plaintiffs to move for class certification for March 8, 2019, the deadline for Defendants' response for May 24, 2019, and the deadline for Plaintiffs' reply for June 20, 2019. Doc. 38 at 1. Plaintiffs' expert disclosures are due March 8, 2019 and Defendants' are due May 24, 2019, and the discovery deadline is currently set for July 9, 2019. *Id.* Plaintiffs filed their Renewed Motion to Dismiss First Amended Complaint on January 15, 2019. Doc. 50. The parties argue good cause exists to extend the class certification deadline and related deadlines because Plaintiffs' motion to dismiss includes requests to dismiss all state law claims in the Amended Complaint, which are the basis for Plaintiffs' class certification motion. Doc. 54 at 2 (citing Doc. 14). Thus, if the Court dismisses the state law claims, this would render any potential class certification motion moot, and the parties request to extend the deadlines until the Court decides the motion to dismiss to conserve the parties' and the Court's resources. *See id.*

As this is the parties' first request to extend the relevant deadlines and considering the pending motion to dismiss that may dispose of Plaintiffs' claims relevant to the potential class certification motion, the Court agrees that good cause exists to extend the deadline to file the class certification motion and the expert disclosures deadlines. *See NCC Business Services, Inc. v.*

*Lemberg & Associates, LLC*, No. 3:13-cv-795-J-99MMH-MCR, 2013 WL 5428737 (M.D. Fla. Sept. 26, 2013); *Tillman v. Ally Financial Inc.*, No. 2:16-cv-313-FtM-99CM, 2016 WL 9488774, at *2 (M.D. Fla. Oct. 18, 2016); *Wave Length Hair Salons of Florida, Inc. v. CBL & Associates Properties, Inc.*, No. 2:16-cv-206-FtM-38MRM, 2016 WL 7404733, at *4 (M.D. Fla. Nov. 25, 2016), *report and recommendation adopted*, 2016 WL 7385802 (M.D. Fla. Dec. 21, 2016); *Calderone v. Scott*, No. 2:14-cv-519-FtM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 16, 2015), *rev'd on other grounds*, 838 F.3d 1101 (11th Cir. 2016) (allowing late filing of class certification motion where motion to dismiss was pending because "strict adherence to Local Rule 4.04 would have required Plaintiffs to move for class certification without knowing for certain which causes of action remained viable").

The Court is not inclined at this time, however, to grant an indefinite extension and instead will grant an extension of 60 days for the motion for class certification, which should be sufficient time for the Court to decide the motion to dismiss. The response and reply deadlines, and the corresponding expert disclosures deadlines, must be shortened to avoid the necessity of extending the July 9, 2019 discovery deadline and other CMSO deadlines, which the parties did not request and which the Court is not inclined to do at this time.

ACCORDINGLY, it is

**ORDERED:**

The Joint Motion to Extend Certain Deadlines in the Amended Case Management and Scheduling Order (Doc. 54) is **GRANTED in part**. Plaintiffs shall have up to and including **May 7, 2019** to move for class certification. Defendants' response is due **June 4, 2019** and Plaintiffs may file a reply brief on or before **June 18, 2019**. Plaintiffs' expert disclosures are due by **May 7, 2019** and Defendants' expert disclosures are due by **June 4, 2019**. All other deadlines

and directives in the Amended Case Management and Scheduling Order (Doc. 38) remain unchanged.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of March, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record